## ROSE v. METRO–GOLDWYN–MAYER CORPORATION et al.

District Court, S. D. New York.

Dec. 8, 1938.

George E. Carmody, of New York City, for plaintiff.

J. Robert Rubin, of New York City, for defendants M. G. M. Corp., Metro-Goldwyn Pictures Co., and M. G. M. Dist. Co.

Leopold Friedman, of New York City, for defendant Loew's.

Samuel D. Cohen, of New York City, for defendant Culver Export Co.

MANDELBAUM, District Judge.

After carefully reading the pleadings, as well as the authorities cited by both sides, I am constrained to sustain the objections to all of plaintiff's interrogatories. It is well settled under Equity Rule 58, 28 U.S.C.A. following section 723, that either party to the action may, through interrogatories, question the opposite party as to ultimate facts that are material and necessary to support the alleged cause of action (or defense). It is equally well settled that such interrogatories will not be permitted, if their purpose is to pry into the adversary's case, to obtain names and testimony of witnesses, to inquire into matters between the adversary and third parties unrelated to the case, and to anticipate a defense. All these exceptions I find to exist in plaintiff's interrogatories.

The plaintiff also seeks the production, under Equity Rule 58, of certain enumerated documents alleged to be in the possession of the defendants. Again I am constrained to deny the plaintiff's application. Equity Rule 58 requires a party to produce only those documents which contain the facts material to support the alleged cause of action (or defense). The court advances the same reasons for the denial of this relief as hereinabove stated, in connection with the plaintiff's interrogatories.